## In re TAYLOR.
### Patent Appeal No. 2268.

Court of Customs and Patent Appeals.
April 14, 1930.

A. L. Jackson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an ex parte appeal from the decision of the Board of Appeals of the Patent Office, affirming a decision of the Primary Examiner refusing to allow appellant's claims 1 to 5, inclusive, for a patent on an improvement on a ventilating apparatus for the rear end of an automobile body. Claims 1 and 3 are regarded as illustrative and are as follows:

"1. A ventilating apparatus for the rear end of an automobile body comprising translucent plates and frames therefor pivotally mounted, a vertically movable bar and guides therefor, link bars pivotally connected to said frames and to said bar for elevating and holding said plates at any desired angle."

"3. In an automobile provided with a closed body; means for ventilating the rear end of said body comprising a supporting frame, a series of plates of translucent material and border frames therefor provided with pivot studs at their upper corners engaging said supporting frame, and provided with projecting ears intermediate their upper and lower edges, means for swinging said plates and holding the same at any desired angle consisting of a vertically movable bar and guides therefor, link bars pivotally connected to said bar and to said ears, and a set screw for holding said bar at any elevation."

The claims were rejected on the following references: Hayes, 279,156, June 12, 1883; Brennan, 474,720, May 10, 1892; Jenkins, 1,482,996, Feb. 5, 1924; Charbonneau, 1,517,954, Dec. 2, 1924; Garner, British, 199,145, June 18, 1923.

Appellant's device discloses a ventilating apparatus for the rear end of an automobile. The ventilating device is made up of a frame which has upper and lower bars and side bars. The frames contain ventilating plates of beveled plate glass or other translucent material. Each plate is provided with a border. The frames have studs or journals which project into the frame members for bearings. The ventilating plates are operated by a vertically moving rod and link bars. The link bars are pivotally connected to projecting ears. The movable bar is provided with guide brackets to make the bar move vertically. On the bar is a knob or handle, for convenience, and a set screw for holding the bar at any required elevation.

Appellant bases his contention that his claims should have been allowed upon the statement that: "A motor vehicle provided with ventilating means in the rear end of a car by means of a plurality of plates which

can be operated simultaneously is unknown in the art and unknown in commerce." Affidavits supporting this statement were submitted.

The rejection on the part of the Examiner and the Board of Appeals was based upon the proposition that applicant was not the first to propose ventilation of vehicle bodies by adjustable means of the rear window, and that the different elements composing the means for ventilation were old in the art. Appellant urges that all of these means in combination were never found in an automobile ventilating system.

The Board said:

"It is not new to ventilate an automobile by means of an opening in the rear upper portion of the automobile. * * * It being old to ventilate an automobile it is not invention to transfer a ventilating structure old in other relations to an automobile."

The Board then proceeds to show, and we think convincingly, where in the references the elements constituting appellant's device were old.

If it is conceded that appellant has shown that no one has used the elements constituting his device in connection with the automobile ventilating art, this does not establish the novelty of his invention. Probably no one has put a house transom ventilator into an automobile, but, if he had done so, it would not have constituted invention, but mere mechanical expediency.

The decision of the Board of Appeals is affirmed.

Affirmed.